**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMA ELIZABETH CASTRO-SANCHEZ, a.k.a. Emma Elizabeth Campos Mejia; MANUEL DE JESUS CASTRO-SANCHEZ, a.k.a. Jose Rafael Campos Mejia; WENDY CLARIBEL CACERES-SALINAS, a.k.a. Wendy Claribel Campos Mejia, | No. 08-71662 |
| | Agency Nos.    A099-532-533 |
| | A099-532-534 |
| | A099-532-537 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Emma Elizabeth Castro-Sanchez, Manuel de Jesus Castro-Sanchez, and Wendy Claribel Caceres-Salinas, natives and citizens of El Salvador, petition pro se for review of a Board of Immigration Appeals' order summarily affirming their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that petitioners failed to demonstrate the harm they suffered from gang members or from their uncle was on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). We do not reach petitioners' contentions that they were harmed on account of an imputed political opinion or that they are members of a particular social group based on their family ties because these distinct claims were not presented to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Substantial evidence also supports the finding that petitioners do not have a well-founded fear of future persecution because they can reasonably relocate within El Salvador. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (when there is no past persecution, petitioner bears the burden of demonstrating

that relocation is unreasonable); 8 C.F.R. § 1208.13(b)(3)(i). Accordingly, petitioners' asylum claims fail.

Because petitioners failed to meet the lower burden of proof for asylum, it follows that they have not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Accordingly, petitioners' withholding of removal claims also fail.

**PETITION FOR REVIEW DENIED.**